**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**SHANI NURU SHERMAN**                                                **CIVIL ACTION**

**VERSUS**                                                                      **NUMBER: 23-995**

**SOCIAL SECURITY ADMINISTRATION**                 **SECTION "M" (5)**

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff Shani Nuru Sherman filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("SSA"). The matter has been fully briefed, and the issues are thus ripe for review. For the following reasons, **IT IS RECOMMENDED** that Plaintiff's motion for summary judgment be **GRANTED**, the Commissioner's brief be **REJECTED**, and Plaintiff's case be **REMANDED** for further proceedings consistent with this opinion.

**I.       BACKGROUND**

Plaintiff filed her original applications for a period of disability, DIB, and SSI on April 13, 2021, alleging a disability onset date of June 30, 2019. (Adm. Rec. at 217-33). Plaintiff alleged disability due to high blood pressure, diabetes, chronic pain, and depression. (*Id.* at 247). Plaintiff, born on April 11, 1973, was 46 years old on the date on which she alleged onset of disability and 48 years old on the date she filed her application. (*Id.* at 290). Plaintiff has a high school education and she has past relevant work experience as a certified nursing assistant. (*Id.* at 22, 248).

Defendant initially denied Plaintiff's applications on December 16, 2021, (*id.* at 94-113), and on reconsideration on April 26, 2022. (*Id.* at 116-31). Plaintiff sought an

administrative hearing, which took place on September 24, 2022.  (*Id.* at 35-48).[1]  Plaintiff,

represented by counsel, and a vocational expert ("VE"), Bonnie Ward, testified at the hearing.

On October 14, 2022, the Administrative Law judge ("ALJ") issued a decision in which

he concluded that Plaintiff was not under a disability from her alleged onset date through

the date of the decision.  (*Id*. at 10-24).  In the decision, the ALJ concluded that Plaintiff has

the severe impairments of degenerative disc disease, diabetes mellitus, hypertension,

obesity, depression, and anxiety.  (*Id.* at 13).  The ALJ held that Plaintiff did not have an

impairment or a combination of impairments that met or medically equaled a listed

impairment under the regulations.  (*Id.*).  The ALJ found that Plaintiff retains the residual

functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b)

except "she is able to occasionally perform postural activities, with the exception of never

climbing ladders, ropes or scaffolds; she can understand, remember and carry out simple

work on a regular and continuing basis (meaning 8 hours a day, 40 hours a week) in a work

setting with only occasional changes."  (*Id.* at 15).[2]  The ALJ determined that Plaintiff is unable

to perform any past relevant work.  (*Id.* at 22).

Relying on the testimony of the VE, the ALJ concluded that there are jobs that exist in

significant numbers in the national economy that Plaintiff can perform: inspector, cashier II,

and office helper.  (*Id.* at 23).  The ALJ thus concluded that Plaintiff was not disabled from

June 30, 2019 through the date of the decision.  (*Id.* at 24).

---

[1] This hearing was telephonic as it occurred during the midst of the COVID-19 pandemic.
[2] Light work is defined as work requiring "a good deal" of standing/walking, or about six hours in an eight-hour workday.  20 C.F.R. § 404.1567(b); Social Security Ruling ("SSR") 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983) ("[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.  Sitting may occur intermittently during the remaining time.").

Plaintiff asked the Appeals Council to review the ALJ's conclusion that she was not disabled from June 30, 2019 through the date of the ALJ's decision.  On January 24, 2023, the Appeals Council denied Plaintiff's appeal.   (*Id.* at 1-6).  Plaintiff then timely filed this civil action.

## II.    STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence.  *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991).  If the Commissioner's findings are supported by substantial evidence, this Court must affirm them.  *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).  It is more than a scintilla but may be less than a preponderance.  *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.  *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues de novo, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.  *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Spellman*, 1 F.3d at 360.  The

Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey*, 230 F.3d at 135. Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).

## III.    ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, Plaintiff must show an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered disabled only if a physical or mental impairment is so severe that the claimant is unable not only to do previous work, but cannot, considering age, education and work experience, participate in any other kind of substantial gainful work that exists in significant volume in the national economy, regardless of whether such work exists in the area in which the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired if she or he applied for work. 42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§

4

404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995).  The regulations include a

five-step evaluation process for determining whether an impairment prevents a person from

engaging in any substantial gainful activity.  *Id.* §§ 404.1520, 416.920; *Greenspan v. Shalala*,

38 F.3d 232, 236 (5th Cir. 1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step

procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any
> substantial gainful activity by reason of any medically determinable physical
> or mental impairment which can be expected to result in death or which has
> lasted or can be expected to last for a continuous period of not less than 12
> months."  To determine whether a claimant is disabled, and thus entitled to
> disability benefits, a five-step analysis is employed.  First, the claimant must
> not be presently working at any substantial gainful activity.  Second, the
> claimant must have an impairment or combination of impairments that are
> severe.  An impairment or combination of impairments is "severe" if it
> "significantly limits [a claimant's] physical or mental ability to do basic work
> activities."    Third, the claimant's impairment must meet or equal an
> impairment listed in the appendix to the regulations.  Fourth, the impairment
> must prevent the claimant from returning to his past relevant work.  Fifth, the
> impairment must prevent the claimant from doing any relevant work,
> considering the claimant's residual functional capacity, age, education and
> past work experience.  At steps one through four, the burden of proof rests
> upon the claimant to show he is disabled.  If the claimant acquits this
> responsibility, at step five the burden shifts to the Commissioner to show that
> there is other gainful employment the claimant is capable of performing in
> spite of his existing impairments.  If the Commissioner meets this burden, the
> claimant must then prove he in fact cannot perform the alternate work.

*Id.* at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999)).  If the ALJ

determines that a Plaintiff is not disabled under step five of the five-part test, the

Commissioner must establish that the claimant has a "residual functional capacity," given the

claimant's age, education, and past work experience, to perform other work available in the

national economy.  *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995).  Step five also

requires the Commissioner to use the medical-vocational guidelines to make a disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

IV.    **ISSUE ON APPEAL**

There is one overarching issue on appeal:

(1)    Whether the ALJ properly determined Plaintiff's RFC based on the "total limiting effects" of Plaintiff's severe impairments.

V.    **ANALYSIS OF THE ISSUE ON APPEAL**

**(1)    Whether the ALJ properly determined Plaintiff's RFC based on the "total limiting effects" of Plaintiff's severe impairments.**

A claimant's RFC represents "the most" that she can still do despite her limitations. 20 C.F.R. § 404.1545(a)(1). The responsibility to determine the claimant's RFC rests with the ALJ. *Ripley*, 67 F.3d at 557; 20 C.F.R. § 404.1546(c). To make this determination, the ALJ must consider all relevant medical and other evidence and determine the claimant's abilities despite her physical and mental limitations. *See* 20 C.F.R. § 404.1545(a)(3). The ALJ must consider the limiting effects of an individual's impairments, even those that are not severe, and any related symptoms to assess the claimant's RFC. *See id.* § 404.1545(e). In other words, the ALJ must account for the "total limiting effects" of a claimant's impairments to

assess an accurate RFC. *Id.* The relative weight to be given to the various evidence of record is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 n.1 (5th Cir. 2001) (per curiam).

Plaintiff's overarching issue is comprised of various discrete sub-parts. The first sub-part reflects her dissatisfaction with the ALJ's rejection of prior medical opinions and prior administrative medical findings when assessing her RFC. Focusing on two medical opinions in particular, Plaintiff maintains that the ALJ failed to provide a sufficient explanation for rejecting them and their recommendations.

On July 28, 2021, Plaintiff attended a State Agency-ordered consultative examination with Dr. Michael Day. (Adm. Rec. at 388-93). After describing her current impairments and medical history, (*id.* at 389-90), Day noted that during the exam, Plaintiff reported pain in her lower back and left knee while testing her tandem walk, standing on heels and toes, bending, and squatting. (*Id.* at 391). She did not attempt to hop due to reported knee and back pain. (*Id.*). Day's exam also revealed pain in Plaintiff's paraspinal muscles in the lumbar and cervical area along with the medial joint line to the knees bilaterally. (*Id.*). She had slight valgus deformity of her knees bilaterally. (*Id.*). Day diagnosed poorly controlled diabetes, very poorly controlled hypertension, back pain, neck pain, and chronic pain syndrome. (*Id.* at 392). Day opined that Plaintiff can stand/walk for four hours in an eight-hour workday due to bilateral knee and lower back pain. (*Id.* at 392). He remarked that Plaintiff can lift/carry 20 pounds occasionally and 10 pounds frequently due to shortness of breath on exertion and knee and lower back pain. (*Id.* at 393). He observed that she can occasionally climb and can balance, stoop, kneel, crouch, and crawl about four hours in an eight-hour day

due to her lumbar spine pain and knee pain. (*Id.*). The ALJ found Day's medical opinion "unpersuasive as to walk/stand since imaging shows only mild degenerative changes in the knees and there were no positive findings on examination." (*Id.* at 21).

At the initial level of review in December 2021, Plaintiff was assessed with a light RFC, *i.e.*, six hours of standing/walking, and frequent postural activities, with the occasional climbing of ladders, ropes, and scaffolds, and stooping. (*Id.* at 55-56). At the reconsideration level in April 2022, however, medical consultant Jerry Davis, M.D., "reviewed all of the evidence in the file" and modified the assessed RFC after finding, in relevant part, that Plaintiff is limited to a total of four hours of standing/walking because of "LS SPINE DJD/DDD WITH SECONDARY LBP [lower back pain] WHICH INCREASES WITH WEIGHT BEARING. MOTOR/SENSORY/MUSCLE BULK ALL WNL." (*Id.* at 73) (caps in original). The postural limitations were affirmed. (*Id.*). Davis also agreed that Plaintiff's allegations were in part consistent with the objective data. (*Id.* at 74). Her maximum sustained work capability was deemed to be "sedentary." (*Id.* at 75). The ALJ also found this medical opinion unpersuasive as it was not consistent with or supported by imaging or findings on examination. (*Id.* at 22). No other medical opinion related to Plaintiff's physical impairments or limitations was discussed.

As noted above, it is the province of the ALJ to weigh all relevant evidence and determine the claimant's RFC. *See Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012). However, "the Fifth Circuit has made clear that an ALJ 'may not – without opinions from medical experts – derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions.'" *Liguez v. Kijakazi*, No. 4:20-CV-02798,

8

2021 WL 4943321, at *7 (S.D. Tex. Aug. 11, 2021) (quoting *Ripley*, 67 F.3d at 557-58), *report and recommendation adopted sub nom. Liguez v. Comm'r of Soc. Sec.*, No. 4:20-CV-2798, 2021 WL 4941997 (S.D. Tex. Oct. 22, 2021); *see Williams v. Astrue*, 355 F. App'x 828, 832 n.6 (5th Cir. 2009); *Ripley*, 67 F.3d at 557 (stating that an ALJ "may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions"). Numerous courts within the Fifth Circuit have held that an RFC determination lacks substantial evidence when it is not supported by any medical opinion and is, instead, based on the ALJ's lay interpretation of raw medical data. *See, e.g., Esther D. J. v. Kijakazi*, No. 5:20-CV-239, 2022 WL 5434335, at *4 (S.D. Tex. Aug. 3, 2022), *report and recommendation adopted*, No. 5:20-CV-239, 2022 WL 5430194 (S.D. Tex. Aug. 19, 2022) (holding that the RFC determination lacked substantial evidence when the ALJ rejected all available opinion evidence, cited raw medical data, and made his own judgments about claimant's RFC); *Brian K. L. v. Comm'r of Soc. Sec.*, No. 4:20-CV-2810, 2022 WL 902641, at **3-6 (S.D. Tex. Mar. 28, 2022) (same); *Lopez v. Saul*, No. SA-19-CV-01088-ESC, 2020 WL 4934462, at **4-6 (W.D. Tex. Aug. 22, 2020) (same); *Garcia v. Berryhill*, No. EP-17-CV-00263-ATB, 2018 WL 1513688, at **2-4 (W.D. Tex. Mar. 27, 2018) (same); *Raper v. Colvin*, 262 F. Supp. 3d 415, 422–23 (N.D. Tex. 2017) (same). The Court finds that the ALJ committed a similar error in this case.

As to physical limitations, the ALJ determined that Plaintiff can perform light work, *i.e.*, she can walk six hours in an eight-hour workday, and she is able to occasionally perform postural activities, except that she can never climb, ropes, ladders, or scaffolds. (Adm. Rec. at 15). But there is no medical opinion evidence to support this RFC determination. Instead, the ALJ merely relied on medical records regarding the severity of Plaintiff's conditions. (*Id.*

9

at 15-20).  In other words, there is no medical opinion in the record "supporting the ALJ's

determination of what Plaintiff can do."  *Ramirez v. Saul*, Civ. A. No. 4:18-CV-2504, 2020 WL

1853749, at \*\*3-4 (S.D. Tex. Apr. 12, 2020) (citation omitted) (emphasis in original).  Thus,

it appears the ALJ simply relied on the underlying raw medical data and interpreted it to

reach his own conclusion as to what Plaintiff's limitations were to support his RFC

determination.  *See, e.g., id.* at \*\*3-4; *Garcia v. Berryhill*, No. EP-17-CV-00263, 2018 WL

1513688, at \*\*2-4 (W.D. Tex. Mar. 27, 2018).

In summary, having reviewed the record – as a whole and as cited by the ALJ – the ALJ

did precisely what he could not do: He rejected all of the available medical opinions related

to Plaintiff's physical impairments and limitations, used his lay interpretation of the raw

medical data, and imposed a less restrictive RFC than that recommended by the medical

examiners.  *See, e.g., Williams*, 355 F. App'x at 831-32, 832 n.6 (remanding when ALJ rejected

all available medical opinions and "rel[ied] on his own unsupported opinion as to the

limitations presented by the applicant's medical conditions"); *McCullough v. Berryhill*, No.

18-cv-128, 2019 WL 1431124, at \*\*13-15 (W.D. Tex. Mar. 29, 2019) (remanding when record

lacked any medical opinion, ALJ failed to develop the record by obtaining a "medical source

statement," and used his own lay opinions to assess the RFC); *Beachum v. Berryhill*, No.: 1:17-

cv-00095-AWA, 2018 WL 4560214, at \*4 (W.D. Tex. Sept. 21, 2018) (remanding when ALJ

rejected all medical opinions regarding physical impairments, no medical opinions existed

regarding physical impairments, ALJ cited only raw medical data and formed her own RFC);

*Lopez*, 2020 WL 4934462, at \*\*4-6 (same).

Moreover, the ALJ's reasons for finding the medical opinions of Day and Davis unpersuasive leave much to be desired.  The regulations require the ALJs to consider multiple factors in deciding the persuasiveness of a medical opinion but need only specifically address two factors in their decisions: the supportability of an opinion and the consistency of that opinion. 20 C.F.R. § 404.1520c(a).  "Stating that a provider's records 'contained no objective findings' to support an opinion, without further explanation, is meaningless boilerplate.  It violates not only the Commissioner's regulatory mandate, but the statutory mandate that SSA explain decisions denying benefits without which the courts cannot conduct a meaningful review of administrative decisions." *Bridges v. Comm'r of Soc. Sec.*, Civ. A. No. 4:20-CV-89, 2021 WL 2908671, *2 (N.D. Miss. June 21, 2021) (citing *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007)), *report and recommendation adopted sub nom. Bridges v. Saul*, Civ. A. No. 4:20-CV-89, 2021 WL 2907892 (N.D. Miss. July 9, 2021).

Here, the ALJ "succumb[ed] to the temptation to play doctor." *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (citation omitted).  But as Judge Posner warned in *Schmidt v. Sullivan*: "Common sense can mislead; lay intuitions about medical phenomena are often wrong."  914 F.2d 117, 118 (7th Cir. 1990) (Posner, J.).  This Court finds that the ALJ's RFC determination lacks substantial evidence because he rejected all of the medical opinions addressing Plaintiff's physical impairments and limitations and cited only the raw medical data to fashion his own RFC for Plaintiff.  *See McCullough*, 2019 WL 1431124, at **13-15; *Beachum*, 2018 WL 4560214, at *4; *Lopez*, 2020 WL 4934462, at **4-6.[3]

---

[3] Although the parties do not raise the issue in their pleadings, the Court notes that the ALJ also rejected all of the medical opinions related to Plaintiff's mental impairments and limitations as well.

11

This, however, does not end the Court's inquiry.

"Procedural perfection in administrative proceedings is not required." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Accordingly, a court "will not vacate a judgment unless the substantial rights of a party have been affected." *Id.* In other words, a plaintiff must "demonstrate prejudice resulting from the ALJ's errors." *Allen v. Saul*, Civ. A. No. 4:19-CV-1575, 2020 WL 5412630, at *7 (S.D. Tex. Sept. 9, 2020) (citing cases). "A claimant establishes prejudice by showing that the ALJ could have reached a different outcome but for the error in question." *Deborah S. v. Comm'r of Soc. Sec.*, No. 4:20-CV-1580, 2021 WL 4442514, at *6 (S.D. Tex. Sept. 28, 2021) (citing *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000)); *see Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006) ("A claimant establishes prejudice by showing that adherence to the ruling might have led to a different decision.").

The Court finds that the ALJ's error prejudiced Plaintiff. Regarding her physical limitations, both Davis and Day opined that Plaintiff was more limited than the ALJ ultimately found. The decision prejudiced Plaintiff by rejecting these opinions, and, without a separate supporting medical opinion, imposing a less restrictive RFC. *See, e.g., Beachum*, 2018 WL 4560214, at *5 (finding prejudice when ALJ rejected medical opinion that assigned more restrictive limitations than those found by ALJ); *Garcia*, 2018 WL 1513688, at *3 (same). Regarding her physical limitations, there was evidence that Plaintiff was still suffering from poorly controlled diabetes, very poorly controlled hypertension, back pain, neck pain, and chronic pain syndrome, and there is no citation to record evidence that these disabilities were controlled by medication. (Adm. Rec. at 388-93). The Court also finds it notable that the ALJ rejected the state-agency medical examiner's opinion even though that examiner

12

originally opined that Plaintiff retained a light RFC – *the same RFC imposed by the ALJ.*  (*Id.* at 22).  Indeed, the ALJ never even mentioned that on reconsideration, Davis had downgraded Plaintiff's RFC from light to sedentary.  Given the available evidence, the ALJ "could have reached a different disability determination had [he] fully developed the record and obtained an expert medical opinion regarding the effects that" Plaintiff's limitations "had on [her] ability to work."  *Fitzpatrick v. Colvin*, No. 3:15-CV-3202-D, 2016 WL 1258477, at *8 (N.D. Tex. Mar. 31, 2016).  Therefore, remand is warranted.[4]

## VI.    Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's motion for summary judgment be **GRANTED**, the Commissioner's brief be **REJECTED**, and Plaintiff's case be **REMANDED** for further proceedings consistent with this opinion.

**NOTICE OF RIGHT TO OBJECT**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

---

[4] Because the Court finds remand appropriate at this stage, it need not consider Plaintiff's other arguments.

New Orleans, Louisiana, this 27th day of _____ October _____, 2023.

_____
**MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE**